UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA TIMM | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:16-cv-00531 (VAB) |
| STEPHEN FAUCHER, | : | |
| M. CONNELL, APRN, | : | |
| TARA HOOD, NP, | : | |
| HENRY F. CRABBE, MD, | : | |
| CHRISTINE BACHMANN | : | |
| And C/O HOLLIS | : | MARCH 31, 2017 |
|     Defendants. | : | |

**RULING ON PARTIAL MOTION TO DISMISS FROM DEFENDANTS
FAUCHER AND HOLLIS (ECF No. 16)**

Plaintiff, Jessica Timm, a resident of Monroe, Connecticut, filed this action under 42 U.S.C. § 1983 and § 1988, naming Stephen Faucher, M. Connell, APRN, Vivianne Hage, RN, Tara Hood, NP, Henry F. Crabbe, MD, Christine Bachmann, and CO Hollis, all employees of the Connecticut Department of Correction, as Defendants. Ms. Timm alleges that Defendants violated her Eighth Amendment right to be free from cruel and unusual punishment while she was incarcerated in York Correctional Institution ("York") in 2015.

Mr. Faucher, who was Warden at York during the relevant time period, and Mr. Hollis, who was a Correctional Officer at York, have moved to dismiss Ms. Timm's claims against them.[1] For the reasons set forth below, Defendants' motion is GRANTED.

---

[1] Ms. Timm only alleges that "Defendants were employees of the Connecticut Department of Corrections" during the "relevant time period." Compl. ¶ 4. Defendants ask the Court to take judicial notice of the fact that Mr. Faucher was Warden at York during the applicable time. Defs.' Partial Mot. Dismiss, 2. Plaintiff does not object. *See* Pl.'s Opp. Mem., 5 ("Defendant Faucher asks the court to take judicial notice that he was the Warden of the facility at the time. The plaintiff has no objection to the court doing so."). The Court takes judicial notice of the Department of Corrections website, which states that Mr. Faucher has been Warden at York since 2012. *See* Connecticut Department of Corrections, available at http://www.ct.gov/doc/cwp/view.asp?a='1499&q=265454; *see also Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921(DAB), 2013 WL 6670584, at *1 n.1 (S.D.N.Y. Mar. 29, 2013) (citations omitted) ("The Court generally has the discretion to take judicial notice of [I]nternet material"). The Court also notes that, as suggested by Defendants and not opposed by Plaintiffs, the phrase "C/O Hollis" in the Caption of Ms. Timm's Complaint suggests that Mr. Hollis was a Correctional Officer. *See* Defs.' Partial Mot. to Dismiss, 2.

**I. Factual Allegations**

On January 20, 2015, Ms. Timm was sentenced by the Connecticut Superior Court to serve a term of 45 days in the York Correctional Institution in Niantic, Connecticut for operating a motor vehicle while under the influence of alcohol or drugs. Compl. ¶ 6. Prison officials then transported Ms. Timm to York to serve her 45-day sentence. *Id.* at ¶ 7.

Ms. Timm alleges that officials at York received instructions from the Superior Court as well as a letter from her physician upon her arrival. *Id.* at ¶ 8. The documents stated that Ms. Timm suffered from multiple mental and physical health issues. *Id.* Specifically, they relayed that she had been severely assaulted, which caused permanent physical and mental health disabilities, including chronic and acute pancreatitis, re-occurring fistulas requiring continuous treatment and care, multiple abdominal surgeries and abdominal drainage issues, severe allergies, chronic nausea, depression, post-traumatic disorder, and chronic internal and external pain. *Id.* Ms. Timm contends that Defendants were thus notified, through receipt of the court's instructions and the letter from her physician, of her serious medical needs. *Id.* Ms. Timm further alleges that she was placed in Defendants' care and custody and that they had "direct, immediate, ongoing personal responsibility for, and involvement with, her." *Id.* at ¶ 9.

Ms. Timm alleges that Defendants were deliberately indifferent to her serious medical needs when she was incarcerated at York from January 20, 2015 to February 27, 2015. *Id.* at ¶ 10. Ms. Timm specifically argues that Defendants "denied her the special diet and some of the medications she required, refused to permit her to utilize prescription medications she brought with her" to York, and "refused to change her dressings as was medically required." *Id.* Ms. Timm argues that Defendants had actual knowledge of and personal responsibility for her multiple serious medical needs, but still caused serious harm to her. *Id.*

Ms. Timm further alleges that Mr. Hollis "berated and threatened [her] in the presence of other correctional staff[,]" causing "severe and foreseeable emotional distress, fear and anguish." *Id.* at ¶ 11. Ms. Timm claims that she "suffered mental and physical pain, and was re-traumatized from her prior assault" as the consequence of Defendants' actions and inactions. *Id.* at ¶ 12. Ms. Timm argues that Defendants subjected her to cruel and unusual punishment in violation of her Eight Amendment rights. *Id.* at ¶ 13. She seeks judgment against each Defendant, jointly and severally, for compensatory and punitive damages, as well as attorney's fees and costs. *Id.*

## II. Standard of Review

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a complaint states a plausible entitlement to legal relief, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

This "plausibility standard" is guided by "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the requirement that a court accept as true the allegations in a complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, the claim for relief alleged in the complaint must be plausible. *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Discussion**

Defendants Faucher and Hollis have moved to dismiss Ms. Timm's Complaint, arguing that she has failed to allege a plausible claim of supervisory liability as to Mr. Faucher and has failed to allege any constitutional violation against Mr. Hollis. Defendants also argue that Ms. Timm is precluded from bringing her claim by the Prison Litigation Reform Act ("PLRA"). Ms. Timm opposes the partial motion to dismiss, arguing that Mr. Faucher was deliberately indifferent to her medical needs, in violation of the Eighth Amendment. Ms. Timm also argues that Mr. Hollis's actions rose to the level of constitutional violations because of his knowledge of her exceptional vulnerability and that the Prison Litigation Reform Act does not preclude her claim.

The Court agrees with Defendants. Ms. Timm has not stated a plausible claim for deliberate indifference against Mr. Faucher. Moreover, Ms. Timm does not allege a constitutional violation upon which relief can be granted against Mr. Hollis. The Court notes, however, that Ms. Timm's claims are not precluded by the PLRA.

**A. Deliberate Indifference**

Ms. Timm seeks to hold Mr. Faucher, Warden of York between 2012 and 2017, liable for the physical and mental pain she suffered as the result of his alleged deliberate indifference to her medical needs during the period from January 20, 2015, to February 27, 2015. Compl. ¶¶ 10, 12. Mr. Faucher argues that Ms. Timm's allegations that he was deliberately indifferent to her rights are "conclusory" and should be dismissed. Defs.' Partial Mot. to Dismiss, 4. The Court agrees.

A defendant is liable to an injured prisoner under the Eighth Amendment, only if the defendant "disregards a risk of harm of which he is aware," *Farmer v. Brennan,* 511 U.S. 825, 837 (1994), and such disregard causes the prisoner's injury. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). This standard has both an objective and subjective prong: "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Id.* (internal quotations marks and citations omitted). "An official acts with

4

the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*.

"To prove ... deliberate indifference, the plaintiff must show that the need for more or better supervision to protect against constitutional violations was obvious." *Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). "An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality [or prison official] to investigate or to forestall further incidents." *Id.* (citing *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991); *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir. 1986)).

Whether a supervisor was grossly negligent or deliberately indifferent in supervising a subordinate who committed constitutional violations rests on the "particularized context of the facts at hand." *Poe*, 282 F.3d at 141. A plaintiff must allege that: (1) the supervisory official "knew or should have known that there was a high degree of risk" that the subordinate would commit constitutional violations during his assignment; (2) that the supervisor "either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk; and, (3) that the alleged failure caused a constitutional injury" to the plaintiff. *Id.* at 142.

Ms. Timm alleges that Mr. Faucher had ongoing and direct personal responsibility for her and was notified upon her arrival that she suffered from mental and physical health issues that required urgent and ongoing care. Compl. ¶ 9. She also alleges that officials at York received instructions from the court as well as a letter from her physician describing her unique vulnerabilities. *Id*. at ¶ 8. She then alleges that despite "their" actual knowledge of and personal responsibilities regarding the aforementioned needs, "Defendants" denied her certain medications

5

and the diet that she required, refused to permit her to utilize prescription medications that she brought with her into the institution, and refused to change her dressings as required. *Id.*

In order to hold Mr. Faucher liable for deliberate indifference to her medical needs, Ms. Timm must allege that he was personally involved in the constitutional violations at hand. *Young*, 15 F. Supp. 3d at 189.  Mr. Faucher's mere awareness of Ms. Timm's vulnerable condition cannot, by itself, constitute personal involvement.  Ms. Timm must also show that Mr. Faucher was aware that her constitutional rights were being violated and failed to act on her behalf. *See Burns v. Fischer*, 2014 WL 1413387, *5 (W.D.N.Y. Feb. 3, 2014) (holding that, where a supervisory official is concerned, "deliberate indifference to the rights of inmates . . . [consists of a] fail[ure] to act on information indicating that unconstitutional acts were occurring."). Deliberate indifference requires that prison official be aware of some failure to examine or adequately care for an inmate, rather than merely the nature of her medical condition. *See Gadson v. Mantello*, No. 89-CV-1072E(M) 1992 WL 391218, *2 (W.D.N.Y. Dec. 17, 1992) (An official's "receipt of a letter or grievance, without personally investigating or acting on the letter or grievance, is insufficient to establish [her] personal involvement.").

Ms. Timm argues that Mr. Faucher intentionally disregarded her medical needs in "specified ways." Pl.'s Opp. Mem. at 5.  She alleges that she was placed into the custody and care of Mr. Faucher and that Mr. Faucher had "direct, immediate and ongoing personal responsibility for, and involvement with, her." Compl. at ¶¶ 4-5. Ms. Timm further alleges that Defendant Faucher had actual written notice of her medical needs and intentionally disregarded those needs. Compl. at ¶ 5. Ms. Timm does not, however, allege that Mr. Faucher became aware of ongoing constitutional violations, or of any grievance filed by Ms. Timm while she was at York, and then subsequently failed to act on the information and remedy the violation.  Because Ms. Timm does not allege that Mr. Faucher knew that "unconstitutional acts were occurring," *Poe*, 282 F.3d at 140, she cannot sustain her Eighth Amendment claim against him.

At oral argument, Ms. Timm argued that Mr. Faucher's receipt of the letters about Ms. Timm's unique medical condition gave rise to a plausible claim that he was deliberately indifferent to her needs. "The general rule," however, "is that if an official receives a letter from an inmate and passes it on to a subordinate for response or investigation, the official will not be deemed personally involved with respect to the subject matter of the letter." *Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009) ("Numerous courts have held that merely writing a letter of complaint does not provide personal involvement [of a prison official] necessary to maintain a § 1983 claim.") (quoting *Candelaria v. Higley,* No. 04-CV-277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008)); *Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (an official's receipt of a prisoner's letter and subsequent inaction was insufficient to establish the requisite level of personal involvement); "Personal involvement will be found," however, when "a supervisory official receives and acts on a prisoner's grievance or otherwise reviews or responds to a prisoner's complaint[.]" *Garvin v. Goord,* 212 F. Supp. 2d 123, 126 (W.D.N.Y.2002).

Ms. Timm does not put forth specific factual allegations about Mr. Faucher's deliberate indifference to her treatment. While the Court must accept the factual allegations in the complaint as true, and must draw all inferences in the light most favorable to the plaintiff, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions," or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and citation omitted); *see also Iqbal*, 556 U.S. at 680-81 (finding that allegations that prison officials "knew of, condoned, and willfully and maliciously agreed to subject [the prisoner] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest" were conclusory assertions that amounted to "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim.") (quoting *Twombly*, 550 U.S. at 555).

At oral argument, Ms. Timm also argued that she should be entitled to continue discovery and any dismissal would be premature. The law, however, requires the Court to dismiss a Complaint that states "legal conclusions" without some factual allegations to support them. *Iqbal,* 556 U.S. at 678-79 (the federal rules do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Ms. Timm has not alleged that Mr. Faucher was made aware of violations of Ms. Timm's constitutional rights, or any threat to them, during her stay at the institution. She only alleges that he was notified about her serious medical conditions upon her arrival at York. Like the formulaic recitation put forth by the petitioner in *Iqbal*, 556 U.S. at 680-81, Ms. Timm's vague allegations about Mr. Faucher's personal involvement in her treatment cannot survive a motion to dismiss.

### B. Verbal Harassment and Abuse

Ms. Timm seeks to hold Mr. Hollis, who was a Correctional Officer at York, liable under § 1983 for verbally berating and threatening her in the presence of other correctional staff, causing her "severe and foreseeable emotional distress, fear and anguish." Compl. ¶ 11. Mr. Hollis argues that verbal harassment and abuse alone, absent a showing of actual injury, is not actionable under § 1983. Furthermore, Mr. Hollis claims that the Prison Litigation Reform Act precludes Ms. Timm from bringing a federal civil action for mental and emotional injury, absent a showing of prior physical injury. Although the Court notes that the Act does not preclude Ms. Timm's claims, it agrees that Ms. Timm's allegations of psychological injuries stemming from verbal harassment and abuse do involve the amount of injury required for an Eighth Amendment violation.

### 1. Section 1983 Liability

Ms. Timm alleges that Mr. Hollis verbally berated and threatened her in the presence of others, and that the verbal abuse caused "severe and foreseeable emotional distress, fear and anguish," in violation of her Eighth Amendment rights. *Id.* at ¶¶ 11, 13. Mr. Hollis argues that

allegations of verbal harassment alone are "insufficient to support a § 1983 claim." Defs.' Partial Mot. Dismiss, 7.[2]

Verbal threats and harassment are not actionable under § 1983, no matter how reprehensible, inappropriate, and unprofessional they may seem, unless the harassment is accompanied by actual injury. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) ("The claim that a prison guard called [the plaintiff] names … did not allege any appreciable injury and was properly dismissed."); *Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y.1998) (finding that the defendant's emotional and psychological injury resulting from verbal abuse did not rise to the level of injury required to constitute an Eighth Amendment violation).

Although the intentional infliction of psychological pain may, under certain circumstances, constitute sufficient injury, the pain must be more than *de minimus*. *Jermosen v. Coughlin*, No. 87 CIV. 6267 (RJW), 1993 WL 267357, at *6 (S.D.N.Y. July 9, 1993), *aff'd*, 41 F.3d 1501 (2d Cir. 1994) (finding that plaintiff failed to introduce evidence that the verbal threats and abuse by prison guards left him with "significant psychological scars."); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 490-91 (N.D.N.Y. 2009) ("[I]t is true that, under certain circumstances, a prison official's infliction of psychological pain on an inmate may constitute an Eighth Amendment violation; however, to do so, the psychological pain must be (1) intentionally inflicted and (2) more than *de minimus* in nature.").

A plaintiff must allege specific and significant injuries in order to claim a constitutional violation caused by verbal harassment. *Cusmano*, 604 F. Supp. at 490. In *Cusamano*, the court dismissed an inmate's claim that prison officials violated his Eighth Amendment rights by "utter[ing] profanities" to him, withholding toilet paper and soap, and threatening to "kick his … ass." *Id.* at

---

[2] Although the Complaint alleges that "Defendants" are liable for their deliberate indifference towards Ms. Timm, Compl. ¶ 10, counsel for Ms. Timm confirmed at oral argument that she does not allege deliberate indifference against Mr. Hollis, and that the allegations in paragraph 11 of the Complaint are the only allegations against Mr. Hollis.

9

492. The court concluded that the injuries the plaintiff had alleged—"hurt feelings, emotional and psychological injuries"—did not rise to the level of a Constitutional violation. *Id*. Specifically, the court noted that the plaintiff had not, for example, alleged "that the 'mental duress' he experienced caused him depression, nausea, hyperventilation, headaches, insomnia, dizziness, and/or weight loss." *Id*. Without more, the plaintiff's alleged injuries were only *de minimus* in nature. *Id*. ("This case is analogous to several cases from within this Circuit that have found a plaintiff's claims of psychological injury to be *de minimis* in nature."); *see also Shabazz*, 994 F. Supp. at 474-75 (dismissing the plaintiff's belated allegations about the "wanton infliction of pain, physically and psychologically," because the plaintiff "offer[ed] no support for these new assertions of injury, and only refers to them in the broadest possible terms."); *McKethan v. Carbone*, No. 97-CV-0061 (RSP/GJD), 1998 WL 178804, at *2 (N.D.N.Y. Apr. 13, 1998) ("Plaintiff alleges only 'hurt feelings, emotional and psychological injuries,' and no physical injuries as a result of this incident … Even construing McKethan's allegations liberally, I conclude that the claimed violations amount to only a *de minimis* use of force and thus fail to state a violation of the Eighth Amendment.").

Ms. Timm refers broadly to the injury she suffered as a result of Mr. Hollis' verbal abuse as "severe and foreseeable emotional distress, fear and anguish." Compl. ¶ 11. An allegation of "severe emotional distress, fear and anguish," like the allegation of "hurt feelings, emotional and psychological injuries" in *Cusamano*, cannot survive a motion to dismiss. *Cusamano*, 604 F. Supp. at 492. Ms. Timm must allege "appreciable injury" in order to recover against Mr. Hollis for his alleged harassment. *Purcell*, 790 F.2d at 265.

While the Court must accept the factual allegations in Ms. Timm's complaint as true and must draw all inferences in the light most favorable to her, *see Scheuer*, 416 U.S. at 236, Ms. Timm's "obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal quotation and citation omitted). The Court, moreover, is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Papasan v. Allain*, 478 U.S. 265, 286 (1986). Accordingly, Ms. Timm's allegations against Mr. Hollis must be dismissed.

### 2. Prison Litigation Reform Act § 1997e(e)

Mr. Hollis also argues that Ms. Timm's claim against him is barred by the Prison Litigation Reform Act, which provides that prisoners cannot bring civil actions for mental and emotional injury absent a prior showing of physical injury. Defs.' Partial Mot. Dismiss, 8. Ms. Timm claims that the limitations outlined in the PLRA do not apply to her because she was no longer a prisoner at York when she filed her suit. Pl.'s Opp. Mem., 6. The Court agrees.[3]

"[L]itigants . . . who file prison condition actions after release from confinement are no longer "prisoners" for purposes of § 1997e(a)." *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (noting that the language of § 1997e of the Prison Litigation Reform Act does not apply to those who have been released from confinement before they file suit). The PLRA specifically provides that a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h); *see also Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (holding that § 1997e "includes within its ambit all facilities in which prisoners are held involuntarily as a result of violating the criminal law.").

The Department of Corrections released Ms. Timm in February 2015. *See* Compl. ¶ 10 (alleging deliberate indifference for a period "between January 15, 2015 and February 27, 2015"). Ms. Timm filed her Complaint on April 4, 2016. The Prison Litigation Reform Act therefore is not applicable to Ms. Timm because she brought this action after she was released from confinement.

---

[3] At oral argument, counsel for Hollis rightly acknowledged the inapplicability of the PRLA, given Ms. Timm's current status.

## IV. CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss is GRANTED. The Court dismisses Ms. Timm's claims against Mr. Faucher and Mr. Hollis. The Clerk of Court is directed to terminate Mr. Faucher and Mr. Hollis as Defendants in this case.

SO ORDERED at Bridgeport, Connecticut this 31st day of March 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
